**Robert Jewell LANDMAN, Petitioner-Appellant,**

v.

**J. J. CLARK, Warden, Respondent-Appellee.**

No. 71–2286

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1972.

Robert Jewell Landman, pro se.

John W. Stokes, Jr., U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of relief in the nature of mandamus, or alternatively monetary damages, to Robert Jewell Landman, who then was serving a sentence in the United States Penitentiary in Atlanta, Georgia. We affirm.

Landman worked in Federal Prison Industries until he was mandatorily released as authorized by 18 U.S.C. § 4164. He was returned to prison as a mandatory release violator in August, 1970, at which time he resumed work in Prison Industries. Landman continued in this employment until he was finally released from custody of the Attorney General on September 28, 1971, upon expiration of his sentence.

Landman's complaint is that, when reemployed in Prison Industries, he was given industrial good time credit of only two days per month, as if he had been employed there for less than one year. If he had been given credit for the time he worked in Prison Industries prior to being mandatorily released, he would have received industrial good time at the

---

* ▮ Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

rate of four days per month,[1] and thus would have been released 18 days earlier. Landman alleged that the named defendants conspired against him to deprive him of his rightful credits in violation of his Civil Rights and demanded $500 per day for alleged wrongful imprisonment of 18 days.

Since Landman prayed alternatively for monetary damages, this action was not rendered moot by his being released from prison. Accordingly, a panel of this Court denied the appellee's motion to dismiss the appeal.

Section 4162 of Title 18, U.S. Code, provides in part that the Attorney General has discretion to award industrial good time credits on federal prisoners' sentences, not to exceed three days for each month of employment for the first year, and not to exceed five days for each month of any succeeding year or part thereof.

This statute has been implemented by granting prisoners two days per month for the first year of employment, four days per month during the second through fourth years, and five days per month for any subsequent employment in Prison Industries. Landman points out that the applicable regulation, Bureau of Prisons Manual Bulletin No. 252, revised September 1, 1949, does not cover a situation in which the prisoner's employment was interrupted by a period of parole or mandatory release.

The district court held that since the Attorney General has authority to declare forfeited any industrial good time credits previously earned by a parole or mandatory release violator,[2] he also has authority to determine at what rate such a prisoner shall earn industrial good time upon his return to prison.

Landman has not alleged that the Attorney General's discretion has been arbitrarily exercised against him. He simply contends that the Attorney General's policy that all parole and mandatory release violators are to be granted industrial good time credits at the beginners' rate of two days per month, upon their return to employment, violates the statutory provisions concerning industrial good time credits.

Whether this policy of the Attorney General has been written into the Bureau of Prisons Manual or not, we have no doubt that it lies within the discretion vested in him by § 4162. We perceive no legal bar to the Attorney General's penalizing parole and mandatory release violators thus, any more than by taking away all of their previously earned industrial good time credits. Some of these prisoners will have been out of the institution on parole and mandatory release for lengthy periods before their violations, and may have to be completely retrained in prison industries. This is an area of prison administration that, in our opinion, reposes in the Attorney General and his delegates, rather than in the courts. See 18 U.S.C. § 4001.

Since we find no error in the district court's denial of the additional days of

---

1. Section 4162 of Title 18, U.S. Code, provides as follows:

   § 4162. *Industrial Good Time.*

   A prisoner may, in the discretion of the Attorney General, be allowed a deduction from his sentence of not to exceed three days for each month of actual employment in an industry or camp for the first year or any part thereof, and not to exceed five days for each month of any succeeding year or part thereof.

   In the discretion of the Attorney General such allowance may also be made to a prisoner performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations.

   Such allowance shall be in addition to commutation of time for good conduct, and under the same terms and conditions and without regard to length of sentence.

2. See Mock v. U. S. Board of Parole, 1965, 120 U.S.App.D.C. 248, 345 F.2d 737; Northcutt v. F. T. Wilkinson, 5 Cir. 1959, 266 F.2d 2; Howard v. United States, 8 Cir. 1960, 274 F.2d 100, cert. denied 1960, 363 U.S. 832, 80 S.Ct. 1604, 4 L.Ed.2d 1525.

good time credits sought by Landman, it necessarily follows that his claim for monetary damages cannot be sustained. The order appealed from is

Affirmed.