Clarence Wayne WALKER, Bobby Joe Weatherton and Larry Darnell Manning, Plaintiffs-Appellants,

v.

O. H. HAYNES, Jr., Sheriff, Webster Parish, Louisiana, et al., Defendants-Appellees.

No. 81-3240
Summary Calendar.

United States Court of Appeals, Fifth Circuit.*
Unit A

Oct. 14, 1981.

---

\* Former Fifth Circuit case, Section 9(1) of Public Law 96-452—October 14, 1980.

Henry C. Walker, Shreveport, La., for plaintiffs-appellants.

Mark A. Goodwin, Roy S. Payne, Shreveport, La., for defendants-appellees.

J. Marvin Montgomery, Baton Rouge, La., for Phelps.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

The appeal in these three cases raises one issue: Was the district court in error in denying plaintiffs Clarence Wayne Walker, Bobby Joe Weatherton, and Larry Darnell Manning, certification of a class action challenging conditions in the Webster Parish jail, Minden, Louisiana. On September 26, 1979, the three plaintiffs filed three separate pro se complaints against the sheriff, O. H. Haynes, Jr., narrowly alleging specific violations of their constitutional rights in the Webster Parish jail, seeking only damages, and not asking for a class action. Defendant Haynes answered with a general denial. On his motion the three suits were consolidated for trial on January 11, 1980. The original trial setting of May 27, 1980, was postponed because Northwest Louisiana Legal Services asked for additional time to supply such services after having been requested to do so by the U. S. Magistrate. The case was rescheduled for trial in December 1980.

On October 2, 1980, just over a year after the original filing, an amended complaint was filed on behalf of the plaintiffs seeking a broad-based injunction against a long list of conditions of confinement in the jail and seeking to proceed as a class action. This pleading added as defendants the Webster Parish Police Jury individually and in their official capacities. The amended complaint was filed by two attorneys who were not the attorneys who had been representing the plaintiffs. The amended complaint converted the case from a narrowly conceived suit challenging the lack of adequate medical care in the jail to a broadside attack upon conditions in the jail, and from a suit of three individuals against the sheriff to a class action on behalf of all the prisoners in the jail against all the public officials responsible for conditions in the jail. The final and critical fact relating to this suit is that none of the three plaintiffs remained in the Webster Parish jail at the time the amended complaint making the broadside attack upon the conditions in the jail and asking for class certification was filed. They had all been transferred to other detention facilities in Louisiana.

The district court in a well-reasoned opinion denied class certification on the ground that those who represent a class must be members of the class at the time the class certification is asked. *Sosna v. Iowa*, 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975); *Johnson v. American Credit Co. of Ga.*, 581 F.2d 526, 532 (5th Cir. 1978). Further, the district court granted defendant's motion to dismiss plaintiffs' request

for injunctive relief. We agree with the district court's disposition of the issue.

The plaintiffs assert that the request for class certification should be "related back" to the filing of the original complaint over a year before the amended complaint was filed and at a time when the three plaintiffs were being held in the Webster Parish jail. *Sosna v. Iowa, supra.* The relation-back principle is applied to situations which are "capable of repetition, yet evading review." *Gerstein v. Pugh,* 420 U.S. 103, 110 n.11, 95 S.Ct. 854, 861 n.11, 43 L.Ed.2d 54 (1975). But this doctrine was created to cover cases in which a class representative lost his or her right to personal relief in the outcome of the case while the class action proceeded. The Court in these cases was simply holding that the class representative as to whom the claim has become moot during the class action does not cease to be a competent representative of the class if a personal stake was present at the inception of the class and a valid concern for the outcome continues. These cases do not stand for the proposition that the relation-back doctrine extends to a time before which the class action was requested. The Article III requirement of a case or controversy comes into play in this situation. See the Supreme Court's thorough discussion in the dispute between majority and dissenting opinions in *United States Parole Commission v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 1212, 1217, 63 L.Ed.2d 479 (1980).

Also of relevance is the fact that it is obvious error to certify a class when class certification has not been requested. *Wilson v. Zarhadnick,* 534 F.2d 55, 57 (5th Cir. 1976). It follows that the court could not have certified a class before the amended complaint was filed when these plaintiffs were no longer incarcerated in the Webster Parish jail. The doctrine of relation-back has nothing to do with creating a class when there was no right to such a class in the first place. It has to do only with preserving a class action by relating back to the time that the class was requested to see if the class representatives were members of the class as of that time.

In their brief, plaintiffs argue that the original suits were filed pro se and that without attorneys they had no full conception of their rights or the proper form in which suits should be filed. This assertion properly elicits sympathy, yet it cannot change the legal posture of the proceedings. Whether a suit is filed pro se or with attorneys, the defendant in such suits is entitled to rely upon the posture of the suits and act accordingly. The defendant in the original suits was the sheriff. The suits alleged certain specific and precise violations of the civil rights of the plaintiffs committed by the sheriff. The sheriff had the right at that time to rely upon this as the scope of the suits. When the suits were enlarged by amendment to include the Webster Parish Police Jury and to ask for a class certification, this amended complaint totally changed the nature of the case. It was no longer the plaintiffs' lawsuit since they were no longer in the Webster Parish jail.

The district court did not rely upon the contention of defendants that the amended complaint was filed without permission of the district court. Since the district court concluded, and we conclude, that the plaintiffs had no standing to request class certification at the filing of the amended complaint, it is unnecessary to consider the issue of whether the amended complaint failed because of lack of permission to file.

AFFIRMED.