INMATES OF the LINCOLN INTAKE AND DETENTION FACILITY By Dennis WINDES, individually and on behalf of all others similarly situated; and Christy Stone, individually and on behalf of all others similarly situated, Appellants,

v.

Helen BOOSALIS; Michael Steinman; Eric Youngberg; Joe Hampton; Bill Danley; Louis Shackleford; Donna Frohardt; Margaret Alschwede; Jan Gauger; Joe Edwards; Robert Colin and Pat Rackers, individually and in their official capacities; County of Lancaster and City of Lincoln, Appellees.

No. 82–1678.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1983.

Decided May 3, 1983.

Rehearing and Rehearing En Banc Denied June 30, 1983.

---

* The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

Elizabeth Alexander, The National Prison Project, Washington, D.C., Vincent M. Powers, Lincoln, Neb., for appellants.

William F. Austin, City Atty., Michael E. Thew, Deputy County Atty., Lincoln, Neb., for appellees.

Before LAY, Chief Judge and BRIGHT and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

Dennis Windes, a pretrial detainee at the Lincoln Intake and Detention Facility in Lincoln, Nebraska, and Christy Stone, an inmate at the same facility, brought this section 1983 civil rights action challenging the conditions of confinement of both sentenced offenders and pretrial detainees at this Nebraska county jail. The district court[1] denied class certification and motions to intervene, and dismissed the case as moot. For the reasons outlined below, we affirm the district court's dismissal of the case as moot.

I. *Background.*

On August 12, 1981, Windes and Stone filed this action in federal district court. They filed an amended complaint on September 16, 1981. The complaint and amended complaint challenged the conditions of confinement in the detention facility. On September 29, 1981, prison authorities released Stone from confinement. On September 30, 1981, pretrial detainee Windes pled guilty to a felony assault charge, and was subsequently sentenced on October 15, 1981. On October 20, 1981, Windes and Stone sought certification as class representatives. They also moved that the proposed class be divided into two subclasses: pretrial detainees, represented by Windes, and convicted inmates, represented by Stone. On January 1, 1982, officials of the detention center released Windes from the facility for extradition to California.

On March 5, 1982, the trial court issued an order denying class action status. At the time of the ruling, neither Windes nor Stone were confined in the facility. While the court found that the proposed class met the requirements of numerosity and adequacy of representation, the court held that Windes and Stone had failed to persuade the court that there were "common questions of law and fact," or that the claims and defenses of the proposed representatives were typical.

On March 15, 1982, the proposed representatives filed a motion to reconsider the denial of class certification, or, in the alternative, to grant leave to the inmate-plaintiffs to supplement the record by means of affidavits, answers to interrogatories, requests for admissions, and depositions; or to schedule an evidentiary hearing on the class question; or to withhold judgment on

---

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

the class question until trial; or to grant conditional certification and then to amend class certification at trial if appropriate.

The trial court denied the alternate motion, holding that there had been no showing in the motion papers that there existed any meaningful evidence which could supplement the record in any way. On March 22, 1982, Ronna Ruckman, Sherrie Waline, and Eldora Springer, all of whom were confined in the jail at that time, moved to intervene in the action. The magistrate denied this motion for intervention and the motion for an evidentiary hearing on April 8, 1982.

On May 11, 1982, the proposed intervenors filed a motion for reconsideration with the trial court. The trial court apparently never considered this motion. On May 14, 1982, the court granted the defendants' motion and dismissed the action as moot. As a basis for dismissing the action, the district court held that the release from incarceration mooted claims for injunctive relief with respect to conditions of confinement in the absence of class action status. This appeal followed.

II. *Discussion.*

Stone and Windes raise a number of points on appeal. Their arguments include allegations that the trial court erred in denying the motion for class certification, in denying the subsequent request for an evidentiary hearing on the appropriateness of certifying the class, and in failing to reconsider the motion of intervention prior to ruling on the motion for dismissal on the grounds of mootness. However, for purposes of appellate review, the threshold question we must address is whether the action before us is moot.

■ A named plaintiff must have a personal stake in the outcome of the case at the time the district court rules on class certification in order to prevent mootness of the action. *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) (mootness of the named plaintiffs' individual claims after class certification had been granted did not render the class action moot); *United States Parole Commission v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (mootness of the named plaintiffs' individual claim after the district court denied class certification motion did not render the action moot for purposes of appellate review); *Walker v. Haynes,* 659 F.2d 46 (5th Cir.1981) (plaintiffs did not have standing to request class certification at the filing of their amended complaint, when, at the time they filed the amended complaint, their individual claims were moot); *Vun Cannon v. Breed,* 565 F.2d 1096 (9th Cir. 1977) (where named plaintiff's personal claim becomes moot prior to district court's ruling on certification of a class action, the court loses jurisdiction over the action because the case or controversy requirement of Article III is violated).

However, the Supreme Court has carved a narrow exception to this rule. Where a claim is distinctly "capable of repetition, yet evading review," a court may address on appeal the issue of whether the district court ruled properly on the class certification issue, even though the named plaintiff's claim became moot prior to the district court's consideration of the issue. *Gerstein v. Pugh,* 420 U.S. 103, 110–11 n. 11, 95 S.Ct. 854, 861 n. 11, 43 L.Ed.2d 54 (1975). *See also Vun Cannon v. Breed, supra,* (held that there was no reasonable expectation that named plaintiff's individual claim was distinctly capable of repetition yet evading review, and thus case did not fall within exception outlined in *Gerstein*); *cf. Cruz v. Hauck,* 627 F.2d 710 (5th Cir.1980) (case not moot even though the individual's claims were mooted prior to the ruling of class certification where there had been ten years of litigation in which all parties had treated the action as a class action for five years of its progress and the individual claims of the named plaintiffs were "capable of repetition, yet evading review").

■ On the facts of the case before us, we observe that pretrial-detainee Windes and sentenced-inmate Stone were both released from incarceration in the facility before the district court denied class certification. Because the personal claims of Windes and Stone became moot prior to the district court's ruling on class certification, the case no longer satisfied the Article III

case or controversy requirement. The district court therefore lost jurisdiction. Moreover, this case does not fall within the *Gerstein* exception because Stone and Windes have failed to present evidence that the individual or proposed class claims are "capable of repetition, yet evading review." [2]

### III. *Conclusion.*

Accordingly, we affirm the district court's dismissal of this action as moot. We note, however, that this decision in no way impedes other inmates of the Lincoln facility from bringing an action against the facility and seeking class certification. Our decision should only be read as requiring that those named inmates have a live controversy on their personal claims at the time the district court rules on the class certification issue.

See also Bkrtcy., 17 B.R. 99.

---

**2.** Specifically, we note that the case before us involves claims of both pretrial detainees and convicted inmates, unlike *Gerstein,* where the claims involved only those of pretrial detainees. The Supreme Court in *Gerstein* was concerned that "any given individual, named as plaintiff [might not] be in pretrial custody long enough for a district judge to certify the class." *Gerstein v. Pugh, supra,* 420 U.S. at 111 n. 11, 95 S.Ct. at 861 n. 11. There has been no showing in the case before us of a similar obstacle to class certification.