**Robert G. ROCKY, Plaintiff–Appellant,**

**v.**

**John T. KING, Secretary of Louisiana Dept. of Corrections, et al., Defendants–Appellees.**

**No. 88–3429.**

United States Court of Appeals, Fifth Circuit.

May 15, 1990.

---

Keith B. Nordyke, Baton Rouge, La., (Court-appointed), for plaintiff-appellant.

Robert G. Rocky, pro se.

Joe Kopsa, Peter J. Giarrusso, Asst. Attys. Gen., William J. Guste, Jr., Atty. Gen., Baton Rouge, La., for defendants-appellees.

Before JOHNSON, WILLIAMS and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Robert G. Rocky (Rocky) brought this suit against defendant-appellee John T. King, et al. (King), for alleged violations of the federally protected rights of Rocky and similarly situated inmates who worked in the fields at the Louisiana State Penitentiary in Angola, Louisiana (Angola). Rocky appeals the district court's denial of class certification and grant of summary judgment in favor of King.

**Facts and Proceedings Below**

Rocky, *pro se*, filed his claim, pursuant to 42 U.S.C. § 1983, on November 8, 1983, in the form of a class action in which only injunctive and declaratory relief were requested. At that time, Rocky was an inmate at Angola and was assigned to work in the field lines there. Such inmates work in the fields two times per day for periods up to four hours in length. Angola provides drinking water but not toilet facilities for the field workers. Thus, the field workers typically urinate or defecate in the fields or attempt to refrain from doing so until they return from the fields. Moreover, Angola apparently does not provide toilet paper and hand-washing facilities for the inmates to cleanse themselves while in the fields, although the inmates are allowed to wash their hands before eating their meals indoors. Rocky claims that these practices cause a variety of medical problems to the field workers, such as the spread of certain diseases or parasites, and violate the inmates' constitutional rights of privacy and of freedom from cruel and unusual punishment, as well as certain federal regulations. *See* OSHA Field Sanitation, 29 C.F.R. § 1928.110 (1988) (requiring agricultural establishments employing over ten hand laborers to provide, *inter alia*, toilet and hand-washing facilities).

On April 9, 1984, Angola officials removed Rocky from field work because of eye surgery and temporarily assigned him to light duty indoors. These officials continually renewed Rocky's temporary status until that status became permanent primarily because of Rocky's glaucoma. As a result, Rocky has not worked in the fields since April 9, 1984. On May 10, 1984, Rocky filed a motion for class certification, which the district court denied on May 15, 1984, because of Rocky's status as a *pro se* inmate. Shortly thereafter, Rocky also filed a motion for appointment of counsel to represent the class aspects of his claims, which the magistrate to whom that motion was referred denied.

King subsequently filed a motion for summary judgment. On April 4, 1985, the district court denied that motion because of

the existence of material issues of fact in dispute. The district court, however, subsequently ordered both parties to file cross-motions for summary judgment. Prior to the filing of these cross-motions, the district court permitted the enrolling of an attorney of record for Rocky.

On April 22, 1988, the magistrate to whom the district court referred these motions recommended granting summary judgment in favor of King. King had moved for summary judgment, *inter alia*, because Rocky's claim was moot. In response to this point, Rocky claimed that he could be returned to the fields because of either a disciplinary infraction or another physician's reaching a different conclusion about Rocky's medical condition. To support this claim, Rocky attached the affidavits of a number of inmates who alleged that they had been returned to the fields for one of those reasons. The magistrate found that Rocky had not worked in Angola's fields since April 1984 primarily because of his glaucoma. The magistrate also found no indication in the record that Rocky's glaucoma will change or that Angola officials will reassign Rocky to field work for any other reason. Granting King's motion for summary judgment because Rocky's allegations did not constitute a violation of any federally protected rights, however, the magistrate found the issue of mootness to be immaterial.

The district court subsequently approved the magistrate's recommendation. This appeal followed, and we appointed counsel for Rocky for purposes of this appeal.

### Discussion

 The threshold question in this case is whether Rocky's complaint presents a justiciable controversy under the constitutional case-or-controversy requirement. *See* U.S. Const. art. III, § 2, cl. 1. In support of King's second motion for summary judgment, King asserted, albeit without explanation, that Rocky's claim was moot. The mootness doctrine requires that the controversy posed by the plaintiff's complaint be "live" not only at the time the plaintiff files the complaint but also throughout the litigation process. *See United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980) (quoting Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363, 1384 (1973), defining mootness as " 'the doctrine of standing set in a time frame' "). The magistrate, however, found this issue to be immaterial, granting summary judgment for King on the merits of Rocky's claim. Although both parties refer in passing to the question of mootness in their appellate briefs, it is unclear whether either of the parties has specifically raised this issue on appeal. Nevertheless, "[s]triking at the very heart of federal subject matter jurisdiction, a mootness issue quite clearly can be raised *sua sponte* if not addressed by the parties." *Sannon v. United States*, 631 F.2d 1247, 1250 (5th Cir.1980) (footnote and citation omitted).

In the present case, Rocky worked in the Angola fields at the time he filed his complaint *pro se* on November 8, 1983. Rocky filed his claim in the form of a class action, purporting to represent similarly situated Angola inmate field workers and requesting injunctive and declaratory relief against the allegedly illegal conditions of these inmates' field work. No other relief was requested. Angola officials, however, removed Rocky from the fields on April 9, 1984, because of eye surgery. Eventually, these officials permanently assigned Rocky to light duty indoors because of his glaucoma. Thus, although Rocky's claim challenges the field conditions, Rocky has not been a field worker since April 9, 1984. Moreover, Rocky did not file his motion for class certification until May 10, 1984, and the district court denied that motion on May 15, 1984. Thus, Rocky was not a field worker at either the time this motion was filed or denied. The facts of this case raise the question whether this Court may review the district court's denial of class certification and grant of summary judgment on the merits where the named plaintiff's individual claim has become moot prior to his filing of a motion for class certification and the district court's denial of that motion.

■ On appeal, Rocky asserts that his individual claim is not moot because, although he is no longer a field worker, the diseases and parasites spread among the field workers may be transferred to the other inmates through direct contact with the workers or through eating the food on which they have urinated or defecated. Nevertheless, even broadly interpreting Rocky's original *pro se* complaint, Rocky clearly filed his complaint as a class action on behalf of those inmates similarly incarcerated who were working in the fields of Angola and challenged the legality of the conditions of confinement only with respect to those workers. Although Rocky's complaint alleged that Angola's failure to provide toilet and hand-washing facilities caused harm to field workers, it did not allege that these practices harmed in any manner those inmates not working in the fields. Thus, Rocky's individual claim for injunctive and declaratory relief became moot when he was removed from the fields on April 9, 1984.

■ An action is moot where (1) the controversy is no longer live or (2) the parties lack a personal stake in its outcome. *See Geraghty*, 100 S.Ct. at 1208. The first aspect of the mootness doctrine is not at issue in the present case because the controversy over the conditions of confinement with respect to the Angola field workers apparently is "live" with respect to those inmates at Angola currently working in the fields for whom Rocky seeks to be the representative. *See id.; Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1042 (5th Cir.1981). The present case, however, concerns the second aspect of mootness— *i.e.*, whether Rocky's no longer retaining a personal stake in the substantive aspects of this controversy renders this action moot. *See Geraghty*, 100 S.Ct. at 1208–09. The purpose of the personal-stake requirement is to assure that the dispute involves "sharply presented issues in a concrete factual setting and self-interested parties vigorously advocating opposing positions." *Id.* at 1212 (citations omitted).

On several occasions in recent years, the United States Supreme Court has ad- dressed the application of the personal-stake requirement in the class action context. For example, in *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), the Court held that, even though the named plaintiff's individual claim had become moot after proper certification of a class, the class action was not rendered moot. *Id.* 95 S.Ct. at 557–59; *see Franks v. Bowman Transp. Co.*, 424 U.S. 747, 96 S.Ct. 1251, 1258–60, 47 L.Ed.2d 444 (1976) (emphasizing that the Court's holding in *Sosna* did not depend on the existence of a claim "capable of repetition, yet evading review"); *Geraghty*, 100 S.Ct. at 1209–10 & n. 6 (discussing the holdings in *Franks* and *Sosna*). *Sosna* reasoned that when the district court certified the class, that class "acquired a legal status separate from the interest asserted by" the named plaintiff. *Sosna*, 95 S.Ct. at 557 (footnote omitted). Thus, so long as the controversy is still live with respect to some members of the class at the time the appellate court reviews the case, and the named plaintiff had a personal stake in the action at the time the class was properly certified, the class action is not moot. Moreover, so long as the named plaintiff remains an adequate class representative, pursuant to Fed.R.Civ.P. 23(a), the named plaintiff may continue to represent the interests of the class on appeal. *See Sosna*, 95 S.Ct. at 559; *Zeidman*, 651 F.2d at 1044–45. *Sosna* obviously is distinguishable from the present case because here when the district court denied Rocky's motion for class certification Rocky's individual claim had already become moot, having become so even before he had filed that motion.

In *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), the named plaintiff, while in prison, brought an action challenging the legality of certain federal parole guidelines. The district court subsequently denied class certification and granted summary judgment for the defendants on the merits. While the action was on appeal, however, the named plaintiff was released from prison. The Supreme Court held that, even though the named plaintiff's individual substantive claim had become moot after

the denial of class certification, the action was not rendered moot for the limited purpose of challenging the district court's denial of class certification. *See id.,* 100 S.Ct. at 1212–13. So long as the named plaintiff continues vigorously to advocate the right to certify a class, the named plaintiff retains a sufficient personal stake in posing such a procedural challenge. *See id.* If the appellate court reverses the district court's class certification denial, and the named plaintiff is subsequently found to be an adequate representative, the named plaintiff may appeal on the merits. *See id.* at 1211 n. 7, 1213–14.

To support this holding, the *Geraghty* Court relied on the "relation back" doctrine. Under that doctrine, to determine whether the named plaintiff has a personal stake in challenging class certification denial, a court must examine the named plaintiff's personal stake at the time the district court denied the motion for class certification.[1] Because the named plaintiff in *Geraghty* was not released from prison until shortly before appeal of the district court's denial of class certification and grant of summary judgment in favor of the defendants, the Court found that the named plaintiff's alleged

"injury continued up to and beyond the time the District Court denied class certification. We merely hold that when a District Court erroneously denies a procedural motion, which, if correctly decided, would have prevented the action from becoming moot, an appeal lies from the denial and the corrected ruling 'relates back' to the date of the original denial.

"... The 'relation back' principle, a traditional equitable doctrine applied to class certification claims ..., serves logically to distinguish this case from the one brought a day after the prisoner is released.... *If the named plaintiff has*

*no personal stake in the outcome at the time class certification is denied, relation back of appellate reversal of that denial would not prevent mootness of* the action." *Id.* at 1214 n. 11 (citations omitted) (emphasis added).

Thus, *Geraghty* also is distinguishable from the present case. In *Geraghty,* it was crucial that the named plaintiff's individual claim became moot *after* the denial of class certification; therefore, the named plaintiff had a personal stake in the outcome of the action at the time of denial. *Accord Johnson v. City of Opelousas,* 658 F.2d 1065, 1069–71 & nn. 4, 6 (5th Cir.1981). In the present case, however, Rocky's individual claim became moot *before* the denial of class certification (indeed before he moved for class certification).

A number of other courts of appeals have held a complaint filed in the form of a class action to be moot where the named plaintiff's individual claim became moot before denial of class certification. *See, e.g., Ahmed v. University of Toledo,* 822 F.2d 26, 27 (6th Cir.1987); *Tucker v. Phyfer,* 819 F.2d 1030, 1035 (11th Cir.1987); *Hechenberger,* 742 F.2d at 455; *Inmates of Lincoln Intake & Detention Facility by Windes v. Boosalis,* 705 F.2d 1021, 1023–24 (8th Cir.1983); *Clay v. Miller,* 626 F.2d 345, 347 (4th Cir.1980); 13A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3533.9, at 418–19 & n. 50 (2d ed. 1984 & Supp.1989). For example, in *Tucker,* 819 F.2d at 1030, the named plaintiff challenged the conditions of his confinement in a juvenile facility, seeking money damages for himself and injunctive and declaratory relief on behalf of similarly situated juveniles. Following his release from the juvenile facility in question, the named plaintiff moved for class certification. Relying on the Supreme Court's relation-back analysis in footnote eleven of

---

**1.** Prior to *Geraghty,* the Court had utilized the relation-back doctrine when the "capable of repetition, yet evading review" exception applied. *See Geraghty,* 100 S.Ct. at 1209, 1214 n. 11. For example, in *Sosna,* the Court noted that, when this narrow exception applies, class certification *may* relate back to the time of the filing of the complaint. *See Sosna,* 95 S.Ct. at 559 n. 11; *Hechenberger v. Western Elec. Co.,* 742 F.2d 453,

455 (8th Cir.1984), *cert. denied,* 469 U.S. 1212, 105 S.Ct. 1182, 84 L.Ed.2d 330 (1985). As this Court explained in *Zeidman,* "[i]t is in such cases that *Sosna's* emphasis on the timing of certification works its greatest hardship; absent some exception to the rule of *Sosna,* such transitory claims will never be certified, and absent certification the merits of the claims will never be reached." *Zeidman,* 651 F.2d at 1047.

*Geraghty*, the court upheld the district court's dismissal of the named plaintiff's class claim for injunctive and declaratory relief because this claim was moot at the time the named plaintiff moved for class certification. *See id.* at 1035.[2]

This Court generally has concurred with the proposition that a purported class action is moot where the named plaintiff's individual claim became moot before class certification. For example, in *Sannon v. United States*, 631 F.2d 1247 (5th Cir.1980), a group of Haitian refugees sought injunctive relief against certain Immigration and Naturalization Service (INS) orders denying them entry into the United States. The district court eventually held the underlying individual claims of the Haitians to be moot in light of new INS regulations curing the problem. On appeal, the Haitians argued that their having requested class-wide relief and conducted the litigation as a class action from the outset prevented their class claims from being moot. Factually distinguishing *Geraghty*, this Court held in *Sannon* that, because the Haitians never moved for and, therefore, never obtained class certification prior to their individual claims becoming moot, their purported class claims were rendered moot. *See id.* at 1252.[3]

Applying the Supreme Court's analysis in *Geraghty* in light of the preceding authority, we first must determine whether Rocky may challenge the district court's denial of his motion for class certification. Because Rocky was no longer a field worker when the district court ruled on his motion for class certification, Rocky's individual claim, which was only for injunctive and declaratory relief in respect to Angola field work conditions, clearly had then already become moot. Because Rocky had no personal stake in the case when the district court denied class certification, it is also not appropriate for this Court to reach Rocky's challenge to the district court's grant of summary judgment for King on the merits. *See id.*, 100 S.Ct. at 1211 n. 7, 1215. Even if Rocky is correct in his contention that the district court erred in denying class certification, nevertheless relation back of appellate reversal of that denial would not prevent mootness of the action.[4] *See Geraghty*, 100 S.Ct. at 1214 n. 11. Thus, we hold that Rocky does not meet the personal-stake requirement even for the limited purpose of appealing the district court's denial of class certification because his individual claim had become moot when that ruling was made.

■ The Supreme Court has carved out a narrow exception to the general rule that a named plaintiff must have a personal stake in the outcome of the case at the time the district court rules on class certification. *See Zeidman*, 651 F.2d at 1045–51.

2. The named plaintiff in *Tucker* arguably had even a stronger case for not mooting his claims because he also had a live individual claim for money damages based on the same allegedly illegal conditions of confinement challenged in his claims for class-wide injunctive and declaratory relief. *See Tucker*, 819 F.2d at 1035 n. 7; *id.* at 1036 (Eaton, J., dissenting). This is not an issue in the present case because Rocky requested only injunctive and declaratory relief.

3. *See also Walker v. Haynes*, 659 F.2d 46 (5th Cir.1981), where we affirmed denial of class certification because the individual plaintiffs' claims had become moot. We relied on *Geraghty* and stated that "the relation-back doctrine [does not] extend[ ] to a time before which the class action was requested," notwithstanding the inmates' having filed their original complaints *pro se.* 659 F.2d at 48.

4. Because Rocky was removed from field work before he ever moved for class certification, it is unnecessary to determine whether appellate reversal of the district court's class certification denial relates back to the time of Rocky's motion for class certification or the time of the district court's denial of that motion. Regardless, it is clear that "a corrected ruling could not relate back into a void. That is, if the named plaintiff's claim was already moot when the district court made its erroneous decision, then a corrected ruling could be of no benefit to" the named plaintiff. *Tucker*, 819 F.2d at 1035 (citing *Geraghty*, 100 S.Ct. at 1213 n. 11); *Clay*, 626 F.2d at 347 ("[The named plaintiff's] denomination of this action as a class action does not save his request for injunctive relief because he was not a member of the class he purported to represent at the time class certification was denied by the district court."); *cf. Walker*, 659 F.2d at 48 (rejecting the plaintiffs' suggestion that "the relation-back doctrine extends to a time before which the class action was requested").

More specifically, where a claim is "capable of repetition, yet evading review," an appellate court may review the propriety of a ruling on class certification, even though the named plaintiff's individual claim became moot after the suit was filed but prior to the district court's ruling on the class certification issue. *See Boosalis*, 705 F.2d at 1023; note 1, *supra*. For example, in *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), named plaintiffs challenged the conditions of their pretrial detention. Even though the named plaintiffs apparently were no longer in custody awaiting trial when the district court certified them as representatives of a class of pretrial detainees, the court held that this narrow exception applied to such an inherently transitory claim because there was no indication that "any given individual, named as plaintiff would be in pretrial custody long enough for a district judge to certify the class." *Id.*, 95 S.Ct. at 861 n. 11; *see Geraghty*, 100 S.Ct. at 1210 (discussing the holding in *Gerstein* ).

This narrow exception as applied to the transitory claims in *Gerstein* is inapplicable in the present case. Unlike the named plaintiffs in *Gerstein*, Rocky is challenging conditions of long-term, not short-term, confinement.[5] *See Tucker*, 819 F.2d at 1035 (rejecting the applicability of the "capable of repetition, yet evading review" exception because of the existence of other currently incarcerated juveniles who would have standing to bring such claims); *Boosalis*, 705 F.2d at 1024 & n. 2 (distinguishing *Gerstein* because the class claims in *Boosalis* involved those of both pretrial detainees *and* convicted inmates); *cf. Zeidman*, 651 F.2d at 1049 (emphasizing the transitory nature of the claims in *Gerstein*, "given the ordinarily brief period of a claim based on pretrial detention"); *Chancery Clerk of Chickasaw County, Miss. v. Wallace*, 646 F.2d 151, 159 n. 14 (5th Cir.1981) (comparing claims concerning the "frequently brief duration of civil commitments" with those in *Gerstein* ). Hundreds of inmates at Angola apparently work in the fields and could file a claim identical to that filed by Rocky. There is no indication that Angola officials will remove such inmates from field work before a district

---

5. In *Cruz v. Hauck*, 627 F.2d 710 (5th Cir.1980), the named plaintiffs—a number of indigent prisoners in a Texas county jail—challenged the constitutionality of jail regulations restricting inmates' use and possession of legal materials. Shortly after amending their complaint, pursuant to the magistrate's order, to allege a class claim, the plaintiffs moved for class certification. More than one year after this motion was filed, the district court denied it and dismissed the action as moot.

This Court reversed, basing its holding on alternative grounds. The Court in *Cruz* found the named plaintiffs' claims to be "capable of repetition, yet evading review." In support of this finding, the Court noted that "confinement in jail is by its nature temporary," citing in support of this proposition two Supreme Court opinions, including *Gerstein*, involving short-term detention. *Id.* at 716 (citing *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 1867 n. 5, 60 L.Ed.2d 447 (1979) [involving a class action challenging "double-bunking" at a federally operated short-term custodial facility designed primarily to house pretrial detainees]; *Gerstein*, 95 S.Ct. at 861 n. 11). This Court, however, also emphasized that one of the named plaintiffs had been incarcerated again at the time the motion for class certification was filed and for six months following this filing. We further found that, had the district court not unreasonably delayed (for more than a year) in ruling on the motion for class certification, at least one named plaintiff would have been incarcerated and, therefore, would have had standing to challenge the class certification denial. *See id.* at 716–17. However, the opinion in *Cruz* arguably may be read to have also relied on another alternative ground—*i.e.*, class certification may relate back to the filing of the named plaintiffs' amended complaint even if the claims were not "capable of repetition, yet evading review." *See id.* at 717–18; *see also Satterwhite v. City of Greenville*, 634 F.2d 231, 234–35 (5th Cir.1981) (en banc) (Gee, J., dissenting) (arguably making this same suggestion). In *Zeidman*, however, this Court refused to read *Cruz* to support such a broad interpretation of the relation-back doctrine in light of the initial finding in *Cruz* that the "capable of repetition, yet evading review" exception applied. *See Zeidman*, 651 F.2d at 1048 n. 14; note 1, *supra*.

Angola, a state penitentiary, obviously confines prisoners for typically longer periods of time than did the county jail involved in *Cruz*. The present case is clearly not a "capable of repetition yet evading review" situation. Further, unlike the situation in *Cruz*, here there was no unreasonable delay in ruling on the motion for class certification (it was denied five days after it was filed) and indeed Rocky's individual claims had become moot before the motion was filed. *Cruz* is hence inapplicable.

court rules on class certification in order to render that claim moot.[6]

Rocky also suggests that his claim is "capable of repetition, yet evading review" because he potentially could be returned to the fields due to a single disciplinary infraction or another physician's reaching a different conclusion about Rocky's glaucoma.[7] The magistrate found no indication in the record that Rocky's glaucoma will change or that Angola officials will reassign Rocky to field work for any other reason. In light of the speculative nature of Rocky's assertion that he may be returned to the fields in the future, we concur with the magistrate's assessment of the record and find the narrow exception for claims "capable of repetition, yet evading review" also to be inapplicable on this ground. *See Geraghty*, 100 S.Ct. at 1210 (stating that, although the claims in *Gerstein* were inherently transitory, "[t]here was no indication that the particular named plaintiffs might again be subject to pretrial detention."); *cf. Brown v. Edwards*, 721 F.2d 1442, 1446–47 (5th Cir.1984) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 1667, 75 L.Ed.2d 675 (1983), in support of its holding that plaintiff lacked standing to seek injunctive or declaratory relief against Mississippi's compensation of constables for each charge resulting in a conviction because plaintiff failed to " 'establish any real and immediate threat' " that he will again be subjected to arrest or charging by a Mississippi constable).

For the foregoing reasons, the judgment of the district court is reversed and remanded with instructions to dismiss the case as moot.

REVERSED and REMANDED.

---

**6.** If Angola officials did so, the field workers doubtless would file such claims in order to be removed from field work.

**7.** In opposition to King's second motion for summary judgment on the ground, *inter alia,* of mootness, Rocky attached the affidavits of a number of inmates who alleged that they had been returned to the fields because of either a disciplinary infraction or a differing medical evaluation. There is no indication that Rocky is or was, when he filed his class certification motion or thereafter while the case was pending in the district court, faced with any pending or threatened disciplinary action or investigation.