IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30787
Conference Calendar
_____

FRANK D. STEWART,

Plaintiff-Appellant,

versus

O.K. ANDREWS; JOHN ONELLION; LUNDY & DAVIS L.L.P.;
RICHARD P. IEYOUB; RICHARD L. STALDER; JOHNNY CREED,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-558
--------------------
February 19, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

Frank D. Stewart appeals the denial of his petition for writ

of mandamus.  In that petition, Stewart sought free photocopies

of documents he allegedly needed in order to file a 28 U.S.C.

§ 2254 petition.

28 U.S.C. § 1651(a) is not an independent grant of

jurisdiction; therefore, the district court did not err in its

determination that it lacked subject matter jurisdiction over the

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

mandamus petition.  See Texas v. Real Parties In Interest,
259 F.3d 387, 392 (5th Cir. 2001), cert. denied, 534 U.S. 1115
(2002).  Insofar as Stewart's mandamus petition could be
construed as a raising a 42 U.S.C. § 1983 access-to-the-courts
claim, the issue whether Stewart, as an indigent prisoner, is
constitutionally entitled to free copies is moot because Stewart
is no longer incarcerated.  See Rocky v. King, 900 F.2d 864, 867
(5th Cir. 1990) (an action is moot where the controversy is no
longer live).

Stewart's appeal is without arguable merit and is therefore
dismissed as frivolous.  See 5TH CIR. R. 42.2; Howard v. King,
707 F.2d 215, 219-20 (5th Cir. 1983).

APPEAL DISMISSED.