**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-20493
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID RUSSELL REYNOLDS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-MC-699

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In April 2007, David Russell Reynolds was charged by criminal complaint with making felonious threats against a federal judge, in violation of 18 U.S.C. § 115(a)(1)(B). Reynolds was determined not to be competent to stand trial and the district court found that he did not meet the criteria for forced medication to render him competent for trial. The district court thereafter granted a motion by the Government to commit Reynolds to a federal psychiatric facility in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Butner, North Carolina, to evaluate whether he was dangerous under the standard set forth in 18 U.S.C. § 4246(a). The district court also ordered the Director of the Butner facility to file in the district where Reynolds was confined (i.e., the Eastern District of North Carolina) a certificate attesting to the results of the evaluation; the court noted that a finding of dangerousness obligated the Eastern District of North Carolina to conduct a civil hearing on the advisability of releasing Reynolds into the community.

Reynolds appealed the district court's order. In response, the Federal Public Defender (FPD) appointed to represent Reynolds on appeal filed a motion to withdraw as counsel. The FPD asserted that the order from which Reynolds sought to appeal was not an appealable order over which this court has jurisdiction. The FPD alternatively requested that this Court (a) suspend the briefing date and hold the appeal in abeyance until a final order was entered by the district court, or (b) grant the FPD an additional 15 days to file an appellate brief. Reynolds was notified of his counsel's motion to withdraw and filed a response.

During the pendency of the appeal, the Government filed in the Eastern District of North Carolina a certificate stating that Reynolds had undergone a psychiatric evaluation, and that (a) he was currently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another, and (b) no suitable arrangements for State custody and care of Reynolds were available. The district court in North Carolina subsequently held a hearing to determine whether Reynolds should remain committed to the Mental Health Division at the Butner facility. The district court concluded that Reynolds was dangerous under the definition set forth in § 4246, and that he should remain committed to the custody and care of the Attorney General of the United States. Reynolds appealed the commitment order to the United States Court of Appeals for the Fourth Circuit.

The FPD now argues that Reynolds's appeal of the district court's order for dangerousness evaluation has been rendered moot by the above-detailed events. "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). The case-or-controversy requirement means that throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "An action is moot where (1) the controversy is no longer live or (2) the parties lack a personal stake in its outcome." *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990) (citation omitted).

Without reaching the question of whether we originally had jurisdiction over this appeal, we agree that it is now moot. The record shows that there is no relief that this court presently can grant Reynolds. The actions required by the order for dangerousness evaluation have been fulfilled. The evaluation was completed at the Butner facility, and the Director of the facility filed in the Eastern District of North Carolina a certificate attesting to Reynolds's dangerousness. Moreover, the hearing to determine the advisability of releasing Reynolds was conducted, and a final determination about Reynolds's dangerousness was rendered. To the extent that Reynolds disputes the outcome of the dangerousness evaluation or his further commitment to the custody and care of the Attorney General, the United States Court of Appeals for the Fourth Circuit is the proper venue for that dispute, and that appeal is pending.

Because the actions required by this court's order have been completed, there is no live controversy on which this court can grant relief. Accordingly, Reynolds's appeal is DISMISSED as moot. The FPD's motions also are DENIED as moot.