**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-10500
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAWRENCE ALAN HABERMAN, also known as Larry,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-188-1

Before HIGGINBOTHAM, BENAVIDES, and ELROD, Circuit Judges

PER CURIAM:[*]

Lawrence Alan Haberman appeals from his conviction of conspiracy to distribute and to possess with intent to distribute cocaine, for which he received a sentence of 360 months' imprisonment. The district court also issued a personal forfeiture judgment, ordering Haberman to pay $20,000,000. He contends that the district court erred by denying him a downward adjustment to his offense level for acceptance of responsibility; that the district court did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provide an adequate explanation for his sentence; that his sentence was substantively unreasonable; and that the district court erred by imposing a personal money judgment in the forfeiture order. Haberman requests that his case be assigned to a different district judge on remand.

Our review of a sentence must first consider whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."[1] We review a district court's interpretation or application of the Guidelines de novo and its factual findings for clear error.[2] If the sentencing decision is procedurally sound, we then consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."[3] "[A] sentence within a properly calculated Guideline range is presumptively reasonable."[4] This framework in mind, we reject each of Haberman's arguments in turn.

First, our review of the records in Haberman's case and his sister Lori Haberman's case indicates a foundation for the district court's finding that Haberman did not fully acknowledge his sister's role in his offense. Haberman's contention as to acceptance of responsibility is unavailing.[5]

---

[1] *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

[2] *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

[3] *Gall*, 128 S. Ct. at 597.

[4] *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

[5] *See United States v. Solis,* 299 F.3d 420, 458 (5th Cir. 2002).

Haberman did not object to the district court's explanation for the sentence at his sentencing hearing, thus we review this second issue for plain error.[6] A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights.[7] When those elements are shown, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[8] Haberman advanced unexceptional reasons for a downward variance from the guideline sentencing range. The district court read Haberman's written motion for a variance, heard his arguments for a variance, and heard the Government's statement about Haberman's cooperation. The district court also indicated that the 360-month sentence was reasonable and that it had considered the factors listed in § 3553(a), though the district court did not elaborate on how the sentence addressed those factors. The district court's explanation was adequate.[9]

As for his substantive unreasonableness claim, we first note that Haberman's sentence is within the guideline sentencing range and thus presumptively reasonable.[10] His conclusional arguments to the contrary are insufficient to rebut this presumption.[11] Haberman argues in his reply brief that *Kimbrough v. United States,* 128 S. Ct. 558 (2007), *Gall,* and *Spears v. United States,* 129 S. Ct. 840 (2009), have invalidated any presumption of correctness

---

[6] *See United States v. Lopez-Velasquez,* 526 F.3d 804, 806 (5th Cir.), *cert. denied,* 129 S. Ct. 625 (2008).

[7] *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

[8] *Id.* (citation omitted).

[9] *See United States v. Rodriguez,* 523 F.3d 519, 525 (5th Cir.), *cert. denied,* 129 S. Ct. 624 (2008).

[10] *See Alonzo*, 435 F.3d at 554.

[11] *See id.*

accorded to within-range sentences. He is mistaken; a within-range sentence is still presumed reasonable.[12]

Lastly, Haberman did not object to the imposition of the money forfeiture judgment in the district court and we review this issue for plain error.[13] Although we have not directly addressed whether a district court may impose a personal money forfeiture judgment–in light of the relevant statutes, the Federal Rules of Criminal Procedure, and the published opinions of several sister circuits–any error by the district court is not clear or obvious.[14]

Haberman has not shown reversible error. No remand is necessary and Haberman's request that a different judge be assigned on remand is moot.[15]

AFFIRMED.

---

[12] *See Mondragon-Santiago,* 564 F.3d at 366-67.

[13] *See Lopez-Velasquez,* 526 F.3d at 806.

[14] *See United States v. Garcia-Rodriguez,* 415 F.3d 452, 456 (5th Cir. 2005); *see also* FED. R. CRIM. P. 32.2; *United States v. Padron,* 527 F.3d 1156, 1161-62 (11th Cir. 2008); *United States v. Day,* 524 F.3d 1361, 1377-78 (D.C. Cir.), *cert. denied,* 129 S. Ct. 295 (2008); *United States v. Vampire Nation,* 451 F.3d 189, 201-02 (3d Cir. 2006); *United States v. Hall,* 434 F.3d 42, 59-60 (1st Cir. 2006).

[15] *See Rocky v. King,* 900 F.2d 864, 867 (5th Cir. 1990).