**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-10743
Summary Calendar

DELFINO GONZALEZ,

Plaintiff - Appellant

v.

RICK THALER; BRAD LIVINGSTON; PAMELA WILLIAMS,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-371

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Delfino Gonzalez appeals the dismissal of his pro se Section 1983 suit seeking declaratory relief and damages for alleged violations of his civil rights by the Texas Board of Pardons and Paroles. We AFFIRM.

Specifically Gonzalez claims that, by denying him release on mandatory supervision or parole, the Board violated numerous constitutional rights and principles, including, but not limited to: (1) due process, (2) separation of powers, (3) equal protection, and (4) involuntary servitude. Gonzalez limits his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments on appeal to only his due process claims. Accordingly, he has abandoned his non-due process claims. *See Geiger v. Jowers*, 404 F.3d 371, 373 n.6 (5th Cir. 2005). Gonzalez claims that he is entitled to declaratory relief and damages because of practices of the Board during mandatory supervision and parole determinations.

Gonzalez's claims for declaratory relief are moot. If not raised by the parties, this court is obliged to raise the issue of mootness *sua sponte*. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). "An action is moot where (1) the controversy is no longer live or (2) the parties lack a personal stake in its outcome." *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990). Gonzalez was released from custody on mandatory supervision during the pendency of this appeal. Gonzalez's claims for declaratory relief are mooted since he no longer has any personal stake in the implementation of the challenged procedures. *See United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 402-04 (1980); *Rocky*, 900 F.2d at 867-68.

Gonzalez also seeks damages "for every day of unlawful incarceration past his mandatory supervision date for false imprisonment." This claim is not moot. *See Board of Pardons v. Allen*, 482 U.S. 369, 371 n.1 (1987); *Landman v. Clark*, 456 F.2d 215, 216 (5th Cir. 1972).

The district court dismissed the complaint as frivolous. *See* 28 U.S.C. § 1915A(b)(1). We review the dismissal of a complaint under Section 1915A *de novo*. *Geiger*, 404 F.3d at 373. To state a claim upon which relief may be granted, "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citation omitted). We agree, and Gonzales does not seriously dispute, that his complaint fell short.

However, Gonzalez argues that the district court erred by dismissing his complaint without first allowing him an opportunity to amend. In general, it is error for a district court to dismiss a pro se complaint without giving an opportunity for amending. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Error does not exist, though, if the plaintiff has set forth the "best case" that can be made, or where the dismissal is without prejudice. *Id.*

Here, surely Gonzalez has set forth his "best case." Indeed, his complaint concedes that he received the process due under the Constitution – the opportunity to be heard and the reasons for the denial of supervised release. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979). He alleges only that the opportunity to be heard was not sufficient and that the reasons for denial of supervised release were not specific enough. His demands exceed the requirements of due process. *See id.*

The motion by Gonzalez to file a supplemental brief is GRANTED. We have considered the additional arguments and authorities in that brief in reaching our decision.

Gonzalez has failed to plead facts sufficient to state a claim upon which relief can be granted. We AFFIRM.