# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2013

Lyle W. Cayce
Clerk

No. 12-60334
Summary Calendar

EMPLOYERS MUTUAL CASUALTY COMPANY,

Plaintiff - Appellee

v.

CHARLIE RADDIN, JACOB WOODARD, KYLE CORLEY, BRIAN
STEPHENSON, and JEROLD HOLLOWELL,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:10-CV-137

Before SMITH, PRADO, and HIGGINSON, Circuit Judges

PER CURIAM:[*]

Plaintiff-Appellee Employers Mutual Casualty Company ("EMC") brought this declaratory judgment action seeking a declaration that it was not obligated to defend or indemnify the Yazoo Medical Clinic (the "Clinic") in underlying litigation involving the Clinic's alleged negligence in allowing Richard Darden, a third party not employed by the Clinic, to engage in inappropriate contact with minors under its supervision. The district court rendered judgment in favor of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60334

EMC on the grounds that the underlying misconduct did not occur during the years for which EMC provided coverage, and, alternatively, the insurance policies did not cover the conduct alleged in the complaint.[1]  Defendant-Appellants, individual plaintiffs in the underlying action against the Clinic, concede on appeal that the district court's ruling was correct, given the periods of coverage of the insurance policies, but dispute the alternative basis upon which it rests.  They argue that the district court should not have reached the issue of whether the actions of the Clinic were covered under the policy, and submit that the district court's erroneous interpretation of certain policy provisions, if left uncorrected by this court, will prejudice future insureds.

We lack the authority to review the district court's interpretation of those provisions because there is no remaining case or controversy over which this court may exercise jurisdiction under Article III, § 2 of the United States Constitution.  EMC brought this declaratory judgment action seeking a judicial declaration that it was not obligated to defend or indemnify the Clinic in the underlying litigation.  Appellants' concession that the district court correctly found that EMC has no such duties moots this appeal. *See Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990) ("The mootness doctrine requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process."); *Remus Joint Venture v. McAnally*, 116 F.3d 180, 185 (6th Cir. 1997) (ruling that case was moot because appellants "voluntarily have abandoned an argument that was necessary for them to prevail in this federal court action").  We may not proceed notwithstanding the absence of a live controversy because this case does not fall within any of the four recognized exceptions to the mootness doctrine.

---

[1] The district court ruled that the conduct was not covered because it (1) did not involve "bodily injury," "property damage," or "personal and advertising injury"; (2) did not arise out of an "occurrence"; and (3) was exempted under three separate coverage exclusions.

No. 12-60334

*See Tex. Office of Pub. Util. Counsel v. FCC*, 183 F.3d 393, 414 n.17 (5th Cir. 1999); Erwin Chemerinsky, FEDERAL JURISDICTION § 2.5 (6th ed. 2012).

In light of the foregoing, this appeal is DISMISSED as moot. *See* 5th Cir. R. 42.2.