Leonard J. HABETZ,
Plaintiff–Appellant,

Alyson A. Habetz and Deanna H.
Habetz, Appellants,

v.

LOUISIANA HIGH SCHOOL ATHLETIC
ASSOCIATION and Dr. Thomas G.
Clausen, Superintendent of Education
of the State of Louisiana, Defendants–
Appellees.

No. 87–3159.

United States Court of Appeals,
Fifth Circuit.

April 15, 1988.

Katherine Wheeler, Benton, Benton, Benton & Wheeler, Baton Rouge, La., for plaintiff-appellant.

R. Bradley Lewis, Talley, Anthony, Hughes & Knight, Bogalusa, La., for LHSSA.

Pamela Taylor–Johnson, La. Dept. of Educ., Baton Rouge, La., for Clausen.

Before KING and DAVIS, Circuit Judges and FELDMAN *, District Judge.

PER CURIAM:

Alyson Habetz, a female freshman at Notre Dame High School in Crowley, Louisiana, brought this action seeking declaratory relief and an injunction barring the Louisiana High School Athletic Association (LHSAA) from enforcing one of its rules which prevented her from trying out for Notre Dame's baseball team.[1] The District Court denied her request for a preliminary injunction. Habetz appealed. The LHSAA has now amended its by-laws, thereby rendering the controversy moot. Accordingly, we vacate the District Court's opinion and remand for dismissal. ´

At the time that this suit was filed, the LHSAA prohibited its member schools, including Notre Dame, from allowing female students to participate in sports which, like baseball, are classified as boys' sports.[2] Habetz contended that the enforcement of this rule violated 42 U.S.C. § 1983 and her Fourteenth Amendment rights to equal protection. While her appeal was pending, the LHSAA amended its by-laws, adopting a new rule, which provides:

In order to promote as many athletic opportunities as possible for members of the female gender, whenever a school offers a boys' interscholastic athletic team but does not offer a girls' interscholastic team in the same sport, then girls in that school may play on the boys' team in that sport. . . .

LHSAA By-laws, Article I, Section 20, Rule 5.[3] Under the new rule, Habetz may try out for the boys' baseball team at Notre Dame.

The LHSAA's voluntary amendment of its by-laws does not automatically deprive this Court of its jurisdiction over the matter. *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289, 102 S.Ct. 1070, 1074, 71 L.Ed.2d 152 (1982). The abandonment of challenged conduct is, however, "an important factor bearing on the question whether a court should exercise its power to enjoin the defendant from renewing the practice." *Id. Mesquite* preserves our discretion to determine mootness.

The *Mesquite* Court, faced with a factual situation quite different from the present one, found that the defendant's voluntary cessation did not render the case moot. *Id.* In *Mesquite*, the defendant city's past conduct indicated a likelihood that it would return to its challenged practices once the threat of litigation had passed.[4] No such

---

* District Judge for the Eastern District of Louisiana, sitting by designation.

1. Along with the LHSAA, Habetz named Dr. Thomas G. Clausen, the Superintendent of Education for the State of Louisiana, as a defendant. Habetz contended that the Department of Education, the agency charged with regulating Louisiana's public schools, was also responsible for the disputed conduct.

2. Article XII, section 8 of the LHSAA Constitution provides that: "In all sports, with the exception of mixed doubles in tennis, boys may participate only in boys' sports and girls may participate only in girls' sports as outlined in the L.H.S.A.A. Handbook."

3. We note that the section of the LHSAA Constitution quoted, *supra*, at note 2 still provides that female students may participate only in girls' sports "as outlined in the L.H.S.A.A. Handbook." We assume that this provision is superceded by the new rule.

4. In *Mesquite*, the city had exempted Aladdin's from the enforcement of a local ordinance which prohibited children under seventeen from operating amusement devices. Subsequently, however, Aladdin's was denied a license to operate because of the local police chief's finding that the business had violated a separate ordinance which prohibited the operation of businesses which had "connections with criminal elements." 455 U.S. at 286–87, 102 S.Ct. at 1073. When the Texas Court of Civil Appeals held that Aladdin had no criminal associations and that this ordinance was unconstitutionally vague, the city revoked Aladdin's exemption from the enforcement of the age requirements. The city also amended the criminal association ordinance in an attempt to render it constitutionally sound.

Aladdin's then challenged both ordinances in federal court. The District Court held that the criminal association ordinance was still unconstitutionally vague, but that the age requirements passed constitutional muster. On appeal, the Fifth Circuit held that both ordinances were

circumstances exist in this case. The LHSAA has exhibited no bad faith in the amendment of its by-laws and has given no indication that it will once again attempt to prevent Alyson Habetz from trying out for Notre Dame's baseball team. The LHSAA has done all that it can to change the conditions of which Habetz complained.

Accordingly, the judgment below is VACATED and the case REMANDED with instructions to the District Court to dismiss the complaint.[5]

unconstitutional. While the case was pending before the Fifth Circuit, the city, without the court's knowledge, repealed the "connections with criminal elements" language. The Supreme Court stated that: "Arguably, if the [Fifth Circuit] had been fully advised, it would have regarded the vagueness issue as moot. It is clear to us, however, that it was under no duty to do so." *Id.* at 288, 102 S.Ct. at 1074 (footnote omitted).

5. The district court's dismissal should not prejudice appellant's right, if any, to apply for attorney's fees and costs, to the extent permitted by law.