**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No.  98-50672

_____

AT&T COMMUNICATIONS OF THE SOUTHWEST, INC.,

Plaintiff-Appellee,

VERSUS

CITY OF AUSTIN,

Defendant-Appellant.

_____

No. 00-50103

_____

AT&T COMMUNICATIONS OF THE SOUTHWEST, INC.,

Plaintiff-Appellee,

VERSUS

CITY OF AUSTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Western District of Texas

_____

Before DUHÉ, PARKER, Circuit Judges, and FOLSOM [1], District Judge.

---

[1]District Judge of the Eastern District of Texas, sitting by
designation.

DUHÉ, Circuit Judge:

This appeal challenges the district court's refusal to vacate its prior judgments for mootness. For the following reasons, we hold that this case is moot, vacate the district court's judgments, remand the case to the district court, and direct the court to dismiss it as moot.

BACKGROUND

AT&T Communications of the Southwest, Inc. ("AT&T") filed the underlying lawsuit in the Western District of Texas in 1997. In it AT&T alleged that the Federal Telecommunications Act of 1996 (the "FTA") preempted Austin's municipal telecommunications franchise ordinance ("the ordinance") and that the ordinance, therefore, violated the Constitution's Supremacy Clause. The district court agreed. Specifically, the district court held that Austin through the ordinance attempted to charge AT&T for something other than the "use" of the city's rights-of-way the FTA makes compensable. See 47 U.S.C. § 253(c) (limiting the regulatory power of municipalities to "manag[ing] the public rights-of-way or to requir[ing] fair and reasonable compensation from telecommunications providers . . . for use of public rights-of-way"). The court enjoined Austin from enforcing the ordinance. Austin appealed.

After both parties briefed the appeal, the Texas Legislature enacted House Bill 1777. House Bill 1777 vests in the Texas Public Utility Commission ("PUC") plenary power to "establish a uniform method for compensating municipalities for the use of a

2

public right-of-way by certificated telecommunications providers." TEX. LOCAL GOV'T. CODE § 283.001(c). House Bill 1777 prohibits municipalities such as Austin from demanding of telecommunications providers such as AT&T "any compensation other than the fee" for use of rights-of-way assessed by the PUC. TEX. LOCAL GOV'T. CODE § 283.056(a)(1). House Bill 1777 also allows a municipality involved in litigation of the instant sort to elect to receive an enhanced "base amount" of fees from the PUC in exchange for the municipality's waiver of its right to past due franchise fees and repeal of its disputed franchise fee ordinance. TEX. LOCAL GOV'T. CODE § 283.053(e).

Following the passage of House Bill 1777, Austin waived its rights to fees past due from AT&T under the ordinance, repealed the ordinance, and asked us to dismiss its appeal and vacate the district court's prior judgment. We declined to do so and remanded the case to the district court to determine "what effect, if any, the above described action by the City of Austin has on the court's existing judgment . . . [and to] [t]ake whatever steps it considers necessary to conclude this litigation." The District Court then entered an order holding that the case was not moot. Even after Austin repealed the ordinance, the court held, the city could sue AT&T for fees past due under the ordinance and still attempt under House Bill 1777 to assess telecommunications companies fees in ways not authorized by the FTA. Hence, the district court reasoned, the case was still "live." The district court did not vacate its

3

judgment and opinions.

Following shortly thereafter was a motion by Austin to alter or amend the order. The district court denied this motion. AT&T here appeals its denial.

DISCUSSION

I.  Mootness

This case is moot. A case is moot "if the issues presented are no longer live." Campanioni v. Barr, 962 F.2d 461, 464 (5th Cir. 1992). Because we hold that the issue this case presents is no longer live, our mootness determination turns on our understanding of what the issue here is. The issue is Austin's right to charge AT&T fees under the ordinance. That issue is not live. Austin cannot attempt to collect from AT&T fees past due under the ordinance. Austin is estopped from doing so because it has waived repeatedly its right to past due fees from AT&T. Austin, moreover, repealed the ordinance, so it cannot attempt in the future to assess AT&T fees under its terms. Since Austin cannot further attempt to collect any fees from AT&T under the ordinance, the issue  whether the FTA prohibits Austin from doing so is moot.[2]

II.  Vacatur

---

[2]    In other words, we think it "absolutely clear that the allegedly wrongful behavior" – Austin's attempt to charge AT&T fees under the ordinance – "[can]not be reasonably expected to recur." Friends of the Earth, Inc. v. Laidlaw Environmental Serv., Inc., 120 S. Ct. 693, 709 (2000).

Because this case is moot, we vacate the district court's judgments, remand the case to the district court, and direct the court to dismiss it as moot. Moot cases merit vacatur. See United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950) ("[t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot is to reverse or vacate the judgment below and remand with a direction to dismiss").

Vacatur does not lie, however, when the party seeking relief from the district court's judgment – Austin in this case – "caused the mootness by voluntary action." U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 24 (1994). AT&T contends that if this case is moot, the mootness owes to Austin's voluntary action. We disagree. While Austin may have acted voluntarily in foregoing fees past due under the ordinance in favor of the higher "base amount" the new House Bill 1777 / PUC regime offers and in repealing the ordinance, those acts did not cause this case to become moot. Texas's passage of House Bill 1777 caused this case to become moot. House Bill 1777 drained this case of life by making Austin's repeal of the ordinance a fait accompli and by establishing procedures through which the city could forego fees past due from AT&T under the ordinance and economic incentives for the city to do so.[3] House Bill 1777, then, and not Austin's

---

[3] Namely, enhancement of the "base amount" of fees Austin would receive from the PUC in exchange for renouncing the right to fees

5

responses to it, caused this case to become moot.

CONCLUSION

Since the issues in this case are no longer live, this case is moot. Because this case is moot and its mootness was not caused by Austin's voluntary action, we vacate the district court's judgments, remand the case to the district court, and direct the court to dismiss it as moot.

VACATED and REMANDED with instructions.

---

past due under the ordinance from AT&T.