**AT&T COMMUNICATIONS OF THE SOUTHWEST, INC.; et al., Plaintiffs,**

**AT&T Communications of the Southwest, Inc.; Taylor Communications, Inc., Plaintiffs–Appellees,**

v.

**CITY OF DALLAS, TEXAS, Defendant,**

**Southwestern Bell Telephone Company, Appellant.**

**Caprock Communications Corp.; Golden Harbor of Texas, Inc.; Westel, Inc., Plaintiffs–Appellees,**

v.

**City of Dallas, Texas, Defendant,**

**Southwestern Bell Telephone Company, Appellant.**

**Sprint Communications Company, LP, Plaintiff–Appellee,**

v.

**City of Dallas, Texas, Defendant,**

**Southwestern Bell Telephone Company, Appellant.**

**No. 99–11397.**

United States Court of Appeals, Fifth Circuit.

March 15, 2001.

Lionel Mark Schooler (argued), Jackson & Walker, Houston, TX, for Sprint Communications Company LP.

David John Schenck (argued), Robert Edwin Davis, Hughes & Luce, Dallas, TX, David F. Brown, Southwestern Bell Telephone Co., Austin, TX, for Southwestern Bell Telephone Co.

Clarence A. West, Joe Wallace Beverly, Houston, TX, for City of Dallas, Texas and Texas Coalition of Cities on Franchised Utilities Issues (TCCFUI), Amicus Curiae.

Thomas K. Anson, Sheinfeld, Maley & Kay, Austin, TX, George H. Tarpley, Sheinfeld, Maley & Kay, Dallas, TX, David F. Graham (argued), Sidley & Austin, Chicago, IL, Andrew W. Austin, Austin, TX, for AT&T Communications of the Southwest, Inc.

Richard L. Crozier, Davidson & Troilo, Austin, TX, for Caprock Communications Corp., Golden Harbor of Texas Inc., Westel Inc. and Taylor Communications Inc.

Before HILL,* JOLLY and BENAVIDES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Southwestern Bell Telephone Company ("Southwestern Bell") appeals the district court's grant of summary judgment for a number of telecommunications companies wishing to enter into the local telephone market in Dallas. At this point, all parties agree that this case, involving a Dallas city ordinance imposing fees and restrictions on local telephone providers, is moot, because the ordinance has been preempted by an intervening Texas statute. Moreover, the ordinance has been repealed. The one remaining issue is whether this court has appellate jurisdiction, and, if so, whether to vacate the district court's opinion. We hold that we have jurisdiction over this appeal. We vacate the district

---

* Circuit Judge of the Eighth Circuit, sitting by designation.

court's judgment as moot, and remand the case with a direction to dismiss the complaint with prejudice.

## ·I

This suit arises from the federal deregulation of the telecommunications industry, and the attempt to create competition in local telephone markets. The Federal Telecommunications Act of 1996 ("FTA"), 47 U.S.C. § 251(c)(3), requires existing local telephone companies, known as incumbent local exchange carriers ("ILECs"), to resell their local services or lease their network elements on an unbundled basis to competitive local exchange carriers ("CLECs") that seek to provide local telecommunications services. When CLECs attempted to enter the local telephone market in Dallas, the City of Dallas imposed franchise conditions on the CLECs and increased right-of-way fees on all local telephone providers. Failure to obtain a franchise or pay fees constituted a violation of city ordinance.

The individual CLECs and ILECs filed separate suits against the city of Dallas, contending that the FTA preempts Dallas' right to impose conditions regulating local telephone service and to charge fees beyond those needed for direct reimbursement. The district court consolidated all the cases, and granted preliminary injunctions to the CLECs, preventing Dallas from conditioning a franchise on anything other than compliance with the City's reasonable regulations concerning its rights-of-way. The court then granted summary judgment, first for AT&T Communications of the Southwest, Inc. ("AT&T"), and then for the other CLECs, holding that a CLEC does not "use" a right of way under section 523 of the FTA by leasing the unbundled network elements of an ILEC, and is therefore not responsible for municipal fees. Southwestern Bell, one of the two ILECs in this case, appeals, arguing that the district court misinterpreted the term "use" in the context of section 523 of the FTA as a whole. In the meantime, the state of Texas enacted Texas Local Government Code § 283, which preempted the Dallas city ordinance.

## II

■ In this essentially mooted appeal, we must briefly address the issue of appellate jurisdiction before we can consider a remand of this case. Sprint Communications Company, another of the CLECs, contends that Southwestern Bell does not have standing to bring this appeal, because it has no cognizable legal interest in the district court's judgment. Because both mootness and standing implicate this court's Article III jurisdiction, we could assume, without deciding, that Southwestern Bell had standing to appeal in order to consider the mootness question. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 66–67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997). We are convinced, however, that the district court's ruling on "use" of the right of way directly impacts Southwestern Bell, and is sufficient to confer standing. We also find that the order entered by the district court removing AT&T as a "consolidated plaintiff of record" did not constitute a severance, and thus, the judgment was not final and appealable under Federal Rule of Civil Procedure 54(b). Southwestern Bell's appeal of the judgment in favor of AT&T was therefore timely. Finally, we note that although a motions panel previously denied Southwestern Bell's motion to vacate, we can consider it on appeal, and "overturn it where necessary." *Mattern v. Eastman Kodak, Co.,* 104 F.3d 702, 704 (5th Cir. 1997).

■ The Dallas ordinance that generated this case was repealed pursuant to a Texas statute that preempts any future similar city ordinances. Tex. Local Gov't Code § 283. As all parties acknowledge, the statute and repeal of the ordinance render this case moot. *See AT&T Communications of the Southwest, Inc. v. City of Austin,* 235 F.3d 241, 243 (5th Cir.2000) (finding that repeal of a similar ordinance and the inability to collect past municipal

fees caused mootness in a virtually identical case). AT&T urges that, if we find jurisdiction and hold that this appeal is moot, we should simply dismiss this appeal and allow the district court's opinion and judgment to stand. We will not do that. When a case becomes moot, vacatur of the district court's opinion and judgment is the appropriate course to follow "as a means of avoiding the unfairness of a party's being denied the power to appeal an unfavorable judgment." *Goldin v. Bartholow,* 166 F.3d 710, 719 (5th Cir.1999). Southwestern Bell did not moot this case by voluntary action. *See City of Austin,* 235 F.3d at 244 (noting that vacatur is not appropriate when the party seeking relief caused the mootness). We therefore VACATE the district court's judgments and REMAND the case to the district court, directing it to dismiss the case as moot.

VACATED and REMANDED with instructions.