IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-11397
_____

AT&T COMMUNICATIONS OF THE
SOUTHWEST, INC.; ET AL.,

                                                      Plaintiffs,

AT&T COMMUNICATIONS OF THE
SOUTHWEST, INC.;
TAYLOR COMMUNICATIONS, INC.,

                                                      Plaintiffs-Appellees,

                              versus

CITY OF DALLAS, TEXAS,

                                                      Defendant,

SOUTHWESTERN BELL TELEPHONE
COMPANY,

                                                      Appellant.

_____

CAPROCK COMMUNICATIONS CORP.;
GOLDEN HARBOR OF TEXAS, INC.;
WESTEL, INC.,

                                                      Plaintiffs-Appellees,

                              versus

CITY OF DALLAS, TEXAS,

                                                      Defendant,

SOUTHWESTERN BELL TELEPHONE COMPANY,

                                                      Appellant.

_____

SPRINT COMMUNICATIONS COMPANY, LP,

                                         Plaintiff-Appellee,

                         versus

CITY OF DALLAS, TEXAS,

                                         Defendant,

SOUTHWESTERN BELL TELEPHONE COMPANY,

                                         Appellant.
_____

          Appeals from the United States District Court for the
                      Northern District of Texas
_____
                        March 15, 2001

Before HILL,* JOLLY, and BENAVIDES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

     Southwestern Bell Telephone Company ("Southwestern Bell")
appeals the district court's grant of summary judgment for a number
of telecommunications companies wishing to enter into the local
telephone market in Dallas.  At this point, all parties agree that
this case, involving a Dallas city ordinance imposing fees and
restrictions on local telephone providers, is moot, because the
ordinance has been preempted by an intervening Texas statute.
Moreover, the ordinance has been repealed.  The one remaining issue
is whether this court has appellate jurisdiction, and, if so,
whether to vacate the district court's opinion.  We hold that we

_____

          * Circuit Judge of the Eleventh Circuit, sitting by
designation.

                               2

have jurisdiction over this appeal.  We vacate the district court's judgment as moot, and remand the case with a direction to dismiss the complaint with prejudice.

I

This suit arises from the federal deregulation of the telecommunications industry, and the attempt to create competition in local telephone markets.  The Federal Telecommunications Act of 1996 ("FTA"), 47 U.S.C. § 251(c)(3), requires existing local telephone companies, known as incumbent local exchange carriers ("ILECs"), to resell their local services or lease their network elements on an unbundled basis to competitive local exchange carriers ("CLECs") that seek to provide local telecommunications services.  When CLECs attempted to enter the local telephone market in Dallas, the City of Dallas imposed franchise conditions on the CLECs and increased right-of-way fees on all local telephone providers.  Failure to obtain a franchise or pay fees constituted a violation of city ordinance.

The individual CLECs and ILECs filed separate suits against the city of Dallas, contending that the FTA preempts Dallas' right to impose conditions regulating local telephone service and to charge fees beyond those needed for direct reimbursement. The district court consolidated all the cases, and granted preliminary injunctions to the CLECs, preventing Dallas from conditioning a franchise on anything other than compliance with the City's reasonable regulations concerning its rights-of-way.   The court

then granted summary judgment, first for AT&T Communications of the Southwest, Inc. ("AT&T"), and then for the other CLECs, holding that a CLEC does not "use" a right of way under section 523 of the FTA by leasing the unbundled network elements of an ILEC, and is therefore not responsible for municipal fees. Southwestern Bell, one of the two ILECs in this case, appeals, arguing that the district court misinterpreted the term "use" in the context of section 523 of the FTA as a whole. In the meantime, the state of Texas enacted Texas Local Government Code § 283, which preempted the Dallas city ordinance.

II

In this essentially mooted appeal, we must briefly address the issue of appellate jurisdiction before we can consider a remand of this case. Sprint Communications Company, another of the CLECs, contends that Southwestern Bell does not have standing to bring this appeal, because it has no cognizable legal interest in the district court's judgment. Because both mootness and standing implicate this court's Article III jurisdiction, we could assume, without deciding, that Southwestern Bell had standing to appeal in order to consider the mootness question. Arizonans for Official English v. Arizona, 520 U.S. 43, 66-67 (1997). We are convinced, however, that the district court's ruling on "use" of the right of way directly impacts Southwestern Bell, and is sufficient to confer standing. We also find that the order entered by the district court removing AT&T as a "consolidated plaintiff of record" did not

4

constitute a severance, and thus, the judgment was not final and appealable under Federal Rule of Civil Procedure 54(b). Southwestern Bell's appeal of the judgment in favor of AT&T was therefore timely. Finally, we note that although a motions panel previously denied Southwestern Bell's motion to vacate, we can consider it on appeal, and "overturn it where necessary." Mattern v. Eastman Kodak, Co., 104 F.3d 702, 704 (5th Cir. 1997).

The Dallas ordinance that generated this case was repealed pursuant to a Texas statute that preempts any future similar city ordinances. Tex. Local Gov't Code § 283. As all parties acknowledge, the statute and repeal of the ordinance render this case moot. See AT&T Communications of the Southwest, Inc. v. City of Austin, 235 F.3d 241, 243 (5th Cir. 2000) (finding that repeal of a similar ordinance and the inability to collect past municipal fees caused mootness in a virtually identical case). AT&T urges that, if we find jurisdiction and hold that this appeal is moot, we should simply dismiss this appeal and allow the district court's opinion and judgment to stand. We will not do that. When a case becomes moot, vacatur of the district court's opinion and judgment is the appropriate course to follow "as a means of avoiding the unfairness of a party's being denied the power to appeal an unfavorable judgment." Goldin v. Bartholow, 166 F.3d 710, 719 (5th Cir. 1999). Southwestern Bell did not moot this case by voluntary action. See City of Austin, 235 F.3d at 244 (noting that vacatur is not appropriate when the party seeking relief caused the

mootness).  We therefore VACATE the district court's judgments and REMAND the case to the district court, directing it to dismiss the case as moot.

VACATED and REMANDED with instructions.