IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10694
_____


U.S. FLEET SERVICES, INC.,

                                        Plaintiff-Appellant,

versus

CITY OF FORT WORTH, TEXAS,

                                        Defendant-Appellee.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 4:00-CV-183-E)
_____
March 1, 2002


Before KING, Chief Judge, REAVLEY and WIENER, Circuit Judges.

PER CURIAM:[*]

Appellant U.S. Fleet Services, Inc. brought this diversity suit challenging

Ordinance No. 13636 of appellee City of Fort Worth. The dispute below centered on

whether the ordinance was inconsistent with and therefore preempted by a state statute

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and state regulations promulgated thereunder.  On July 10, 2001, after appellant had filed its notice of appeal, the city adopted a new ordinance, Ordinance No. 14688, which superseded Ordinance No. 13636 and which permits mobile fueling under conditions which appellant does not challenge.

We agree with appellant that the case is moot.  U.S. Fleet Services does not challenge the validity of the new ordinance.  There is no longer a live controversy between the parties.  "The mootness doctrine requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process."  Rocky v. King, 900 F.2d 864, 866 (5th Cir. 1990).  A case is moot if it no longer presents a live controversy or if the court cannot fashion meaningful relief.  See McClelland v. Gronwaldt, 155 F.3d 507, 514 (5th Cir. 1998).  U.S. Fleet does not seek a ruling from this court that would invalidate or limit the enforcement of the new ordinance.  The repeal of the ordinance renders this case moot.  See AT&T Communications of the Southwest, Inc. v. City of Austin, 235 F.3d 241, 243 (5th Cir. 2000).

The city suggests that an exception to the mootness doctrine under Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283 (1982), is applicable.  In Mesquite, the city had repealed a provision in an ordinance deemed unconstitutionally vague, but the Court noted that the city was not precluded from reenacting the same provision and had "announced just such an intention."  Id. at 289 n.11.  We have distinguished Mesquite on grounds that "[i]n Mesquite, the defendant city's past conduct indicated a likelihood that

2

it would return to its challenged practices once the threat of litigation had passed.  No such circumstances exist in this case." Habetz v. Louisiana High Sch. Athletic Ass'n, 842 F.2d 136, 137-38 (5th Cir. 1988) (footnote omitted).  There is no indication in the pending case that the enactment of the new ordinance was a ruse or that the city intends to reenact the repealed ordinance.

Where, as here, the appellant seeking vacatur has not caused the case to become moot through a voluntary settlement or other action, the appropriate disposition is to vacate the judgment below and remand the case to the district court with instructions to dismiss the case as moot.  See AT&T Communications of the Southwest, Inc. v. City of Dallas, 243 F.3d 928, 931 (5th Cir. 2001).

Accordingly, the judgment below is VACATED, and we REMAND this case with instructions to dismiss the case as moot.