# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2022

Lyle W. Cayce
Clerk

No. 21-20375

Yvette Frazier,

*Plaintiff—Appellant*,

*versus*

Denis McDonough, Secretary, U.S. Department of Veteran Affairs,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-11

Before Richman, *Chief Judge*, and Ho and Engelhardt, *Circuit Judges*.

Per Curiam:*

Yvette Frazier is a Department of Veterans Affairs ("VA") employee who suffers from various medical conditions, including "Raynaud's syndrome," which "affects blood flow to a person's fingers." Because of her

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

medical conditions, Frazier's "physicians have recommended that she work in a temperature of approximately 80 degrees."

In this action, Frazier asserts that the VA failed to accommodate her disability, in violation of § 504 of the Rehabilitation Act, by denying her request to either work from a small, enclosed storage space—where she could maintain a warmer office temperature—or telework full-time. The VA moved for summary judgment, the magistrate judge recommended that the VA's motion be granted, and the district court adopted the magistrate judge's recommendation over Frazier's objection. Frazier timely appealed.

On appeal, Frazier claims that the district court erred in granting summary judgment. We do not resolve that question because this appeal has been rendered moot.

"[M]ootness is a threshold jurisdictional inquiry." *La. Env't Action Network v. EPA*, 382 F.3d 575, 580 (5th Cir. 2004). *See also Hill v. Washburne*, 953 F.3d 296, 304 (5th Cir. 2020) ("An actual case or controversy must exist at every stage in the judicial process.") (quotations omitted). "A claim is moot when the parties are no longer adverse parties with sufficient legal interests to maintain the litigation." *DeMoss v. Crain*, 636 F.3d 145, 150 (5th Cir. 2011) (quotations omitted). This court therefore "must dispose of an appeal if 'an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Hill*, 953 F.3d at 304 (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

In her operative complaint, Frazier sought compensatory damages for intentional discrimination as well as injunctive and declaratory relief to ensure she received "reasonable accommodations," as required by § 504 of the Rehabilitation Act. But as the magistrate judge noted, Frazier has abandoned any claim of intentional discrimination. And while Frazier

appears to suggest that the magistrate judge erred in denying her motion for leave to amend her complaint a second time to add a damages claim under § 501 of the Rehabilitation Act, she has abandoned any such challenge by failing to brief it. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

So that leaves only Frazier's request for equitable relief. But Frazier has now received the very relief she sought in this action.

Due to the COVID-19 pandemic, Frazier has been teleworking full-time since 2020. While briefing in this appeal was underway, Frazier formally "requested telework as an accommodation for her disability," and the VA "granted that request." There was initially some confusion as to whether this accommodation would remain in place if Frazier's colleagues— who are currently on a "hybrid schedule"—were to return to the office full-time. As stated in Appellee's June 27, 2022 letter brief, the VA has since "guarantee[d]" that Frazier "will not be required to come into the office so long as the essential functions of her job do not change."

Insofar as Frazier invokes the voluntary cessation doctrine, it is well settled that "a defendant cannot automatically moot a case simply by ending its allegedly unlawful conduct once sued." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020) (cleaned up). "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Thus, "allegations by a defendant that its voluntary conduct has mooted the plaintiff's case require closer examination than allegations that 'happenstance' or official acts of third parties have mooted the case." *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 528 n.4 (5th Cir. 2008). *See Tucker v. Gaddis*, _ F.4th _, _, No. 20-40267, 2022 WL 2663485, at *3 (5th Cir. July 11, 2022) (per

curiam) (highlighting "the stringent standards that govern the mootness determination when a defendant claims voluntary compliance").

Accordingly, we must decide "whether the [VA's] actions are 'litigation posturing' or whether the controversy is actually extinguished." *Yarls v. Bunton*, 905 F.3d 905, 910 (5th Cir. 2018)).

Here, notably, "the question of mootness" has *not* arisen solely "by reason of a unilateral change" on the part of the VA. *See*, *e.g.*, *DeFunis v. Odegaard*, 416 U.S. 312, 318 (1974). Rather, the VA's recent telework guarantee followed the formal request for telework as an accommodation that Frazier made in February 2022, i.e., during the pendency of this appeal. Under these circumstances, we are left with no reasonable basis to doubt that the instant controversy actually has been extinguished. And Frazier has not "identified any additional relief" that we could provide her in light of these developments.[1] *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 572 (5th Cir. 2018). We therefore dismiss this appeal as moot.

---

[1] Frazier did seek attorney's fees. However, "a determination of mootness neither precludes nor is precluded by an award of attorneys' fees." *Lauren C. ex rel. Tracey K. v. Lewisville Indep. Sch. Dist.*, 904 F.3d 363, 373 (5th Cir. 2018) (quotations omitted). *See also*, *e.g.*, *Habetz v. La. High Sch. Athletic Ass'n*, 842 F.2d 136, 138 n.5 (5th Cir. 1988) (noting that a dismissal on mootness grounds did "not prejudice appellant's right, if any, to apply for attorney's fees and costs").